UNITED STATES of America,
Plaintiff–Appellee,

v.

Bradley Alika NAKAMURA,
Defendant–Appellant.

No. 02–10328.

D.C. No. CR–01–00224–SOM.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 13, 2003.*

Decided Jan. 21, 2003.

Before BEEZER, KLEINFELD and PAEZ, Circuit Judges.

MEMORANDUM **

Bradley Alika Nakamura appeals his sentence following his guilty plea conviction for conspiracy to distribute, and possession with intent to distribute, methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for clear error the district court's factual findings in the sentencing phase, but they must be supported by a preponderance of the evidence. *U.S. v. Fox*, 189 F.3d 1115, 1118 (9th Cir.1999). We affirm.

Nakamura contends the district court erred in determining by a preponderance of the evidence that the conspiracy distributed in excess of 5 grams of actual methamphetamine when only 3.3 grams were recovered and tested for purity.

It is undisputed that Nakamura delivered 12.5 grams of unrecovered methamphetamine. Absent evidence to the contrary, it was not clear error for the district court to determine the purity of the unrecovered methamphetamine by extrapolating from the purity of the 3.3 grams actually recovered. *See U.S. v. Lopes–Montes*, 165 F.3d 730, 731–32 (9th Cir.1999) (holding that absent evidence to the contrary, the district court was entitled to assume that the remaining 3.6 kilograms Lopes–

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Montes agreed to deliver was a mixture with a similar purity level as the 3.2 kilogram mixture actually recovered).

Nakamura's contention that he had no knowledge of the purity of the substance he possessed is unpersuasive because a defendant who actually possesses the drugs may be sentenced on the basis of the amount possessed, whether or not he or she knew of the amount. *See U.S. v. Mendoza,* 121 F.3d 510, 514 (9th Cir.1997).

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.